DELTA LAW GROUP
A PROFESSIONAL LAW CORPORATION
Jim G. Price, Esq., SBN 119324
6569 Brentwood Boulevard
P.O. Box 1417
Brentwood, CA  94513
Telephone: 925-516-4686
Facsimile:  925-516-4058
Email:  deltalawgroup@yahoo.com

Attorneys for Plaintiff
CHRISTINE JENSEN

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTINE JENSEN, | Case No. |
| Plaintiff, | **VERIFIED COMPLAINT FOR DAMAGES** |
| v. | **JURY TRIAL DEMANDED** |
| DISCOVER BANK, | |
| Defendant. | |

## JURISDICTION

1. Jurisdiction of this Court arises under 28 U.S.C. § 1332 and pursuant to 28 U.S.C. § 1367 for pendent state law claims. Plaintiff is a citizen of the State of California. Defendant DISCOVER BANK ("DISCOVER") is organized under the laws of the State of Delaware and its principal place of business is in Delaware.

2. This action arises out of Defendant's repeated violations of the following: the Rosenthal Fair Debt Collection Practices Act, California Civil Code §§ 1788-1788.32

(RFDCPA), and out of the invasions of Plaintiff's personal privacy by this Defendant and its agents in their illegal efforts to collect a consumer debt from Plaintiff CHRISTINE JENSEN.

3. Venue is proper in this district because the acts and transactions occurred here, Plaintiff resides here, and Defendant transacts business here.

## PARTIES

4. Plaintiff CHRISTINE JENSEN is a natural person from whom a debt collector sought to collect a consumer debt which was due and owing or alleged to be due and owing from Plaintiff and is "debtor" as that term is defined by California Civil Code § 1788.2(h).

5. Plaintiff is informed and believes, and thereon alleges, that Defendant is not an attorney or counselor at law and are persons who, in the ordinary course of business, regularly, on behalf of themselves or others, engages in debt collection as that term is defined by California Civil Code § 1788.2(b), and are "debt collectors" as that term is defined by California Civil Code § 1788.2(c).

6. This case involves money, property or their equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction. As such, this action arises out of a "consumer debt" and "consumer credit" as those terms are defined by Cal. Civ. Code § 1788.2(f).

## FACTUAL ALLEGATIONS

7. Plaintiff is a natural person who is obligated or allegedly obligated to pay a debt to Defendant.

8. Defendant DISCOVER has placed repeated calls to Plaintiff, her mother, and spoken to her sister about her debt.

9. The above-detailed conduct by this Defendant of harassing Plaintiff in an effort to collect money was an invasion of Plaintiff's privacy by an intrusion upon seclusion and by violating Plaintiff's right to be let alone and has resulted in actual damages to Plaintiff.

10. Plaintiff has suffered actual damages as a result of these abusive collection communications from this Defendant in the form of anger, anxiety, emotional distress, fear, frustration, upset, amongst other negative emotions, as well as suffering from unjustified and abusive invasions of personal privacy.

## TRIAL BY JURY

11. Plaintiff is entitled to and hereby respectfully demand a trial by jury on all issues so triable. US Const. amend. 7. Fed.R.Civ.P. 38.

## FIRST CAUSE OF ACTION

## INVASION OF PRIVACY BY INTRUSION UPON SECLUSION

12. Plaintiff incorporates by reference all of the paragraphs of this Complaint as though fully stated herein.

13. Congress explicitly recognized a consumer's inherent right to privacy in collection matters in passing the Fair Debt Collection Practices Act, when it stated as part of its findings:

> **Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.**

15 U.S.C. § 1692(a)(emphasis added).

14. Defendant and/or its agents intentionally and/or negligently interfered, physically or otherwise, with the solitude, seclusion and or private concerns or affairs of Plaintiff, namely, by repeatedly and unlawfully attempting to collect a debt and thereby invaded Plaintiff's privacy.

15. Defendant and its agents intentionally and/or negligently caused emotional harm to Plaintiff by engaging in highly offensive conduct in the course of collecting this debt, thereby invading and intruding upon Plaintiff's right to privacy.

16. Plaintiff had a reasonable expectation of privacy in Plaintiff's solitude, seclusion, and private concerns or affairs.

17. The conduct of this Defendant and its agents, in engaging in the above-described illegal collection conduct against Plaintiff, resulted in multiple intrusions and invasions of privacy against Plaintiff by this Defendant which occurred in a way that would be highly offensive to a reasonable person in Plaintiff's position.

18. As a result of such intrusions and invasions of privacy, Plaintiff is entitled to actual damages in an amount to be determined at trial from each and every Defendant.

19. Defendant acted with oppression, fraud, and/or malice, thereby entitling Plaintiff to punitive damages in an amount according to proof and a finder of fact at trial.

## SECOND CAUSE OF ACTION

**VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT**

**§§ 1788-1788.32 (RFDCPA)**

20. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

21. The foregoing acts and omissions of Defendant constitute numerous and multiple violations of the RFDCPA, including but not limited to California Civil Code §1788.11(d), 1788.12(b) & 1788.17 by violating 1692b(2)(3), 1692d, and 1692f.

22. As a result of Defendant's violations of the RFDCPA, Plaintiff is entitled to actual damages pursuant to California Civil Code § 1788.30(a); statutory damages in the amount up to

$1,000.00 pursuant to California Civil Code § 1788.30(b); and reasonable attorney's fees and costs pursuant to California Civil Code § 1788.30(c) from Defendant.

### THIRD CAUSE OF ACTION

### NEGLIGENT TRAINING AND SUPERVISION

23. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

24. Defendant negligently trained and supervised theirs employees and agents as to the performance of their job duties and as a result of such negligent instruction and supervision, the employees/agents while carrying out their job duties caused injury and damage to Plaintiff.

25. As a direct and proximate result of Defendant's unlawful conduct, Plaintiff has suffered damages in an amount to be determined at trial.

26. Defendant acted with oppression, and/or malice, thereby entitling Plaintiff to punitive damages in an amount to be determined at trial. Defendant acted in a despicable manner and acted with a conscious disregard to the rights of Plaintiff.

### FOURTH CAUSE OF ACTION

### NEGLIGENCE

27. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

28. Defendant's outrageous, abusive, and intrusive acts as described herein constituted negligent infliction of emotional distress.

///

///

29. Plaintiff suffered (1) serious emotional distress, (2) actually and proximately caused by (3) wrongful conduct (4) by a Defendant who should have foreseen that the conduct would cause such distress.

30. Defendant's conduct as described herein was wrongful conduct in that the Defendant conducted its business in an abusive, oppressive, and harassing manner.

31. Defendant undertook duties owed to Plaintiff imposed by the California Rosenthal Fair Debt Collection Practices Act which required Defendant to collect debt in accordance with that Act. Defendant breached these assumed duties as alleged herein and said breaches were the proximate cause of damages suffered by Plaintiff.

32. Defendant's actions and omissions demonstrate a conscious disregard of the rights or safety of others, and constitute despicable conduct that subjected Plaintiff to cruel and unjust hardship in conscious disregards of her rights.

33. Plaintiff suffered damages due to Defendant's actions in an amount to be determined at trial.

34. Plaintiff is entitled to punitive damages for the actions and omissions of the Defendant as described herein.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered against Defendant for:

### FIRST, THIRD & FOURTH CAUSES OF ACTION

- for an award of actual damages from each and every Defendant for the emotional distress suffered as a result of the intentional and/or negligent invasions of privacy in an amount to be determined as trial and for Plaintiff,
- punitive damages, and

- for such other and further relief as may be just and proper.

## SECOND CAUSE OF ACTION

## VIOLATIONS OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

- for an award of actual damages pursuant to California Civil Code § 1788.30(a) in an amount to be adduced at trial against each and every Defendant and for Plaintiff;

- for an award of statutory damages of $1,000.00, pursuant to California Civil Code § 1788.30(b) against each and every Defendant and for Plaintiff;

- for an award of costs of litigation and reasonable attorney's fees, pursuant to California Civil Code § 1788.30(c) against each and every Defendant and for Plaintiff.

## DEMAND FOR JURY TRIAL

Please take notice that Plaintiff demands a trial by jury in this action.

DATED: July 31, 2015                    Respectfully submitted,

                                        DELTA LAW GROUP

                                        /s/ Jim G. Price
                                        BY: _____
                                        JIM G. PRICE
                                        Attorneys for Plaintiff
                                        CHRISTINE JENSEN

## VERIFICATION

I, CHRISTINE JENSEN, declare:

I am the Plaintiff in this action. I have read the foregoing document entitled: **VERIFIED COMPLAINT FOR DAMAGES** and know the contents thereof. The same is true of my own knowledge, except as to those matters stated therein on information and belief, and as to those matters I believe them to be true.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on this 29th day of July, 2015, at Brentwood, CA.

_____
CHRISTINE JENSEN